IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| YOLANDA JEFFERSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:08CV02322 SWW |
| | * | |
| SOUTHWEST NURSING HOME, | * | |
| | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Yolanda Jefferson ("Jefferson") brings this employment discrimination action against defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. § 2000(e). Now before the Court is defendant's motion for summary judgment to which plaintiff responded. Defendant filed a reply to the response. For the reasons stated below, the Court determines that the motion for summary judgment should be granted.

**Background**

Jefferson was employed at a nursing home owned and operated by Southwest Nursing Homes, Inc.[1] She began her employment as the social services director on July 9, 2007. At the time she was hired, Randy Musick was the facility's administrator. He left in August 2007, and Debbie Perron was named interim administrator and was Jefferson's direct supervisor. On September 12,

---

[1] Plaintiff sued Southwest Nursing Homes. According to defendant, the correct legal name is "Southwest Nursing Homes, Inc." Defendant claims it no longer owns or operates the nursing home where Jefferson was employed.

2007, Jefferson and another employee, Ruth Waldron had a verbal altercation during a meeting. After an investigation, Perron wrote up both Jefferson and Waldron.

Donna Mayer replaced Perron as administrator on September 24, 2007. On October 1, 2007, Melba Van Zandt, Director of Nursing, and Holly Hamilton, Treatment Nurse, filed a formal complaint against Jefferson saying Jefferson refused to arrange home health services for a resident who was being discharged. Mayer spoke to Jefferson about the complaint and told her she needed a statement from Jefferson about the incident. Mayer says Jefferson did not submit any statement in rebuttal. On October 2, 2007, Jefferson turned in a vacation request, which Mayer was inclined to deny because Jefferson had not been employed long enough to earn vacation time. However, Jefferson told Mayer that Musick, who hired her, promised her that she could take a paid vacation in October, and related that a former employee, who had been hired about the same time as Jefferson had been given a paid vacation. After checking, Mayer determined the former employee should not have received paid vacation time but decided out of fairness to allow Jefferson to have a paid vacation.

On October 5, 2007, before she left on her vacation, Mayer and Perron met with Jefferson to discuss her 90-day evaluation. A ninety-day evaluation is required before a new hire is converted to regular employment.[2] According to Perron and Mayer, Jefferson was argumentative, defensive, and rude. Perron and Mayer determined that Jefferson's probationary period should be extended forty-five days in order to give Jefferson a chance to improve her performance and attitude. They decided to extend the probationary period for 45 days.

---

[2]Mot. Summ. J., Ex. Employee Handbook.

On October 11, 2007, while Jefferson was on vacation, Mayer received a complaint about Jefferson from a resident's family member, who said Jefferson refused to allow the individual to use the pharmacy of his choice for his family member's medication. Mayer said she also learned that Jefferson had incorrectly recorded the admission date for a Medicaid-pending resident, which resulted in a denial of Medicaid payment for a three day period. In light of these new developments and considering Jefferson's employment history at the facility, Mayer decided to terminate her employment and notified Jefferson of her termination on October 16, 2007. Jefferson filed a complaint with the Equal Employment Opportunity Commission, and received a right-to-sue letter dated July 24, 2008. She filed the complaint before the Court on September 11, 2008, alleging she was terminated because of her race and sex and retaliated against for complaining about discrimination.[3]

Defendant seeks summary judgment, arguing there is no evidence that Jefferson's termination was in retaliation for engaging in protected activity or was the result of discrimination. Jefferson asserts white employees were treated less severely for similar incidents.

**Standard of Review**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As a prerequisite to summary judgment, a moving party must

---

[3] In her complaint, Jefferson says her "disability was used and created issues on occasion." Compl. at ¶ 9. In her brief and affidavit in response to defendant's motion for summary judgment, Jefferson implies she was discriminated against on the basis of disability. The Court finds Jefferson fails to state a claim for relief under the Americans With Disabilities Act.

3

demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The non-moving party may not rest on mere allegations or denials of her pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587 (quoting Fed.R.Civ.P. 56(e)).

"[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita,* 475 U.S. at 587 (citations omitted). Summary judgment should be cautiously granted in discrimination cases because such cases often depend on inferences rather than on direct evidence. *Crawford v. Runyon,* 37 F.3d 1338, 1341 (8th Cir. 1994).

## Discussion

Jefferson alleges she was terminated in retaliation for complaining about discriminatory treatment and because she is black and a female.

**Retaliation**

In order to prevail on her claim of retaliation, Jefferson must first establish a *prima facie* case. She must show that 1) she engaged in statutorily protected activity; 2) an adverse employment action was taken against her; and 3) a casual connection between the two events. *Green v. Franklin*

*Nat'l Bank of Minneapolis,* 459 F.3d 903, (8th Cir. 2006). If plaintiff establishes the elements of a *prima facie* case, then the employer has the burden of producing a legitimate, non-discriminatory reason for the challenged employment action. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Once the employer satisfies its burden of production, any rebuttable presumption of discrimination disappears, and plaintiff must prove that the proffered reasons are a pretext for discrimination. *Id.* The burden of proof remains at all times with the plaintiff to establish that she was the victim of unlawful discrimination. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 5-2 (1993).

According to Jefferson, after Perron disciplined her on September 6, 2007, for missing a meeting, she contacted company headquarters and outside agencies and complained about unfair treatment, including being denied "proper consideration as a salaried employee and being denied overtime pay that other salaried, white employees were receiving."[4] Jefferson says that after she complained, Perron reversed her decision to reduce Jefferson's hours.[5] Jefferson says that Ruth Waldron, the white employee with whom she had a verbal altercation on September 12, 2007, had been involved in a similar altercation with another black female employee, and the black employee later was terminated because of an alleged "reduction of hours."[6]

Defendant argues Jefferson cannot establish a causal connection between her complaints of discrimination and her termination. Perron says she became aware of Jefferson's threats to file a charge with the EEOC when she "received the first letter dated September 10."[7] Perron says

---

[4] Jefferson Aff. at ¶ 28.

[5] *Id.* at ¶ 29.

[6] *Id.* at ¶ 31.

[7] Def's. Br. in Supp., Perron Aff. at p. 4

5

Jefferson told her to "put all this in my file because I will be seeking outside sources."[8] Jefferson was terminated on October 16, 2007. Defendant contends that any disciplinary action against Jefferson was a result of poor performance during her probationary period, and points out that after Jefferson began raising her complaints, defendant continued to treat her favorably, going so far as to extend her probationary period despite the fact that her performance justified her termination.

Even assuming Jefferson has established a *prima facie* case of retaliation, the Court finds defendant has set forth a legitimate, non-discriminatory reason for her termination. Mayer relates Jefferson had performance issues before Mayer became the administrator and that Jefferson continued to have issues. She cited Jefferson's unwillingness to cooperate in covering meal times for a few weeks in late September/early October, a complaint from staff, and a complaint from a family member as reasons for her decision to terminate Jefferson's employment. In response, Jefferson submits her affidavit in which she complains about her lack of training or guidance, denies the conduct alleged in the complaints, and says she is the only employee who had to undergo an impromptu performance evaluation.

"'[A] properly supported motion for summary judgment is not defeated by self-serving affidavits.' Rather, the plaintiff 'must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor.'" *Bacon v. Hennepin County Med. Ctr.*, 550 F.3d 711, 716 (8th Cir. 2008)(internal citations omitted). The Court finds Jefferson fails to create a genuine issue of material fact that defendant's proffered reasons for her termination are pretextual.

---

[8]*Id.*

She presents no credible evidence that defendant's decision was in retaliation for complaining about unlawful discrimination.

Likewise, the Court finds Jefferson fails to establish a genuine issue of fact as to her claim that defendant's decision to terminate her employment was based on illegal race and/or sex discrimination. According to defendant, it terminated Jefferson due to performance issues. *See Pope v. ESA Servs., Inc.,* 406 F.3d 1001, 1007 (8th Cir.2005) (employer's burden is "not onerous"). The evidence shows Jefferson refused to arrange home health services for a resident who was being discharged from the facility; was overheard by other employees stating she was not going to do any work and that the facility could fire her;[9] was rude and argumentative during her evaluation meeting; and incorrectly recorded the admission date for a Medicaid--pending resident, which resulted in the denial of Medicaid payment for a three-day period. Jefferson fails to support her personal statement complaining of unfair treatment, unreasonable expectations, and lack of training with any credible evidence to establish a genuine issue of material fact as to pretext.

**Conclusion**

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [docket entry 25] be and is hereby granted. Judgment will be entered for defendant.

DATED this 26th day of January, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[9] *Id.* at Ex. D (Wilson Aff.) and Ex. E (Hamilton Aff.).